PEOPLE, PLAINTIFF AND APPELLEE, *v.* SUCCESSORS OF LAURNAGA & Co., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Aguadilla in a Prosecution for Violation of the Minimum Wage Law.

No. 2053.—Decided February 25, 1924.

MINIMUM WAGES—CONSTITUTIONAL LAW—FREEDOM OF CONTRACT.—Following the doctrine laid down by the Supreme Court of the United States in *Adkins* v. *Children's Hospital of the District of Columbia*, 261 U. S. 525, *Held:* That section 1 of the Act of 1919 establishing minimum wages for working-women is unconstitutional because it is an interference with the liberty of contract. The obtaining of a minimum wage is not a matter of health.

The facts are stated in the opinion.

*Messrs. E. Negrón Benítez* and *J. L. R. Cancio* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Appellant was convicted of a violation of section 1 of Act No. 45 of 1919 fixing a minimum wage for women and attacks the constitutionality of the act. In *People* v. *Alvarez*, 28 P. R. R. 882, and *People* v. *Porto Rican American Tobacco Co.*, 29 P. R. R. 371, we sustained the constitutionality of the said act. Since that time, however, a similar act has come under the consideration of the Supreme Court of the United States and has been declared unconstitutional— *Adkins* v. *Children's Hospital of the District of Columbia*, 261 U. S. 525. The theory of that case is that an act attempting to fix a minimum wage is an interference with the liberty of contract as guaranteed by the fifth amendment to the Constitution of the United States. The relevant provisions of the fifth amendment have been paraphrased into the first words of section 2 of our Organic Act as follows: "That no law shall be enacted in Porto Rico which shall deprive any person of life, liberty, or property without due process of law."

In the same section of the Organic Act the following words appear: "Nothing contained in this Act shall be

construed to limit the power of the Legislature to enact laws for the protection of the lives, health or safety of employees." In *People* v. *Alvarez, supra,* we considered that the Minimum Wage Act was a health measure duly passed by the Legislature. It might be held that the Legislature of Porto Rico in effect said that a minimum wage was necessary for the woman worker in Porto Rico. The Supreme Court of the United States in *People* v. *Adkins,* by a vote of five to three, has considered that the obtaining a minimum wage is not a matter of health. Whatever the individual opinions of the judges of this court may be, we are necessarily concluded by the decision of the Supreme Court of the United States.

Hence it must be held that section 1 of Act No. 45 of 1919 is unconstitutional and void.

The judgment must be reversed and the defendant discharged.

*Reversed.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.